UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re
    DONALD JOHNSON        10-12963 B

      Debtor          <u>DECISION & ORDER</u>
-------------------------------------------------------
DONALD JOHNSON,

      Plaintiff

  v.                  AP 10-01067 B

COUNTY OF CHAUTAUQUA,

      Defendant
-------------------------------------------------------

      Peter D. Grubea, Esq.
      482 Delaware Avenue
      Buffalo, New York 14202
      Attorney for Plaintiff

      Jason S. DiPonzio, Esq.
      16 East Main Street
      420 Reynolds Arcade Building
      Rochester, New York 14614
      Attorney for Defendant

Bucki, Chief U.S.B.J., W.D.N.Y.

    In this Chapter 13 case, the debtor seeks to reverse the consequences of his default in a tax foreclosure proceeding. This dispute involves two issues. The first is whether the debtor retains a sufficient property interest to allow him to address his tax default in the context of a Chapter 13 plan. To the extent that this interest does not now exist, a second issue is whether the debtor may recapture a sufficient interest by establishing that the tax foreclosure constituted a fraudulent conveyance of his exempt property.

    In 2006, Donald E. Johnson defaulted in payment of real property taxes that became due on January 1 of that year for his residence on South Roberts Road in the City of Dunkirk, New York. As a consequence, pursuant to Article 11 of the New York Real Property Tax Law ("RPTL"), the County of Chautauqua filed an *in rem* tax

foreclosure petition on February 8, 2010. As required by RPTL § 1125(1), the county used both ordinary and certified mail to give notice of the foreclosure to Johnson. Johnson even signed a receipt acknowledging delivery of the foreclosure notices on February 11, 2010.

The foreclosure petition set May 12, 2010, as the final date either to redeem the property from foreclosure or to otherwise respond to the county's petition. The papers further gave notice that unless Johnson responded by May 12, "a court will transfer the title of the property to the County of Chautauqua by means of a court judgment." When Johnson nonetheless failed to respond, the County obtained a default judgment of foreclosure on June 21, 2010. Although this judgment authorized the recordation of a deed to Chautauqua County, no deed had yet been issued when Donald Johnson filed a petition for relief under Chapter 13 of the Bankruptcy Code on July 6, 2010. The county would eventually record a deed to itself, however, on August 4.

Hoping to restore his ownership of the real property, the debtor has simultaneously pursued several legal strategies. On July 14, 2010, he commenced the above referenced adversary proceeding to avoid the tax foreclosure as a fraudulent conveyance. Then in August of 2010, he filed a motion in this court to temporarily restrain the county from transferring title to the property. As to this later motion, I denied relief without prejudice to the right of the debtor to move in state court to vacate the default judgment of foreclosure. Returning to state court, the debtor was unable to reverse the prior default. In a decision dated September 23, 2010, County Court Judge John T. Ward ruled that Johnson had failed to show either a reasonable excuse for the default or a meritorious defense.

In the omnibus motion now before this court, Donald Johnson again seeks an order which would set aside the state court's default judgment of foreclosure. Additionally, he asks that the court issue an order declaring that the debtor retains a protected interest in the real property, declaring that the county has failed to perfect a

transfer of the real property, holding the county in contempt for violating the automatic stay, and granting summary judgment in the adversary proceeding to avoid both the judgment of foreclosure and any transfer of the debtor's real estate. The County of Chautauqua asks that the court deny the debtor's requests and, in a cross motion, seeks dismissal of the debtor's adversary proceeding.

Discussion

Chapter 13 is a powerful tool to resolve delinquencies in the payment of real property taxes. Pursuant to 11 U.S.C. §1322(b)(3), a debtor may seek confirmation of a plan that provides "for the curing or waiving of any default." More specifically, 11 U.S.C. §1322(c)(1) states in relevant part that "a default with respect to . . . a lien on the debtor's principal residence may be cured . . . until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." But just as the debtor retains a right to cure at any time prior to a foreclosure sale, the foreclosure sale will surely also define the termination of that right. The initial question is whether the debtor has passed that point of no return, so as to preclude a curing of his tax default.

The debtor does not now challenge the regularity or legitimacy of the county's judgment of foreclosure. Furthermore, the doctrine of res judicata compels us to accept the conclusion of the state court, that Johnson has failed to show a meritorious defense to the foreclosure action. Unless the state court judgment is otherwise avoided, a property owner must accept its consequences. In this regard, we are bound to follow the recent the decision in *Wisotzke v. Ontario County*, 409 B.R. 20 (W.D.N.Y. 2009), *aff'd,* 382 Fed. Appx. 99 (2nd Cir. 2010). The District Court therein held that pursuant to section 1131 of New York's Real Property Tax Law, default in a tax foreclosure proceeding will operate to strip the owner of title to the subject property, even when the county has not yet accepted a deed. 409 B.R. at 20. Pursuant to 11 U.S.C. §1322(b)(3) and (c), a Chapter 13 plan may cure a mortgage default at any time prior to the

foreclosure sale. Unlike a mortgage foreclosure, however, tax foreclosures in New York do not require the formality of an auction as a condition for terminating the debtor's property interest. Thus, for purposes of section 1322(c), the sale occurred upon entry of a default judgment. Here, as in *Wisotzke*, Donald Johnson filed his bankruptcy after entry of a default judgment of foreclosure. Consequently, we must reach the same conclusion as the court in *Wisotzke,* that the subject property "was not property of the estate," 382 Fed. Appx. at 100, as to which a Chapter 13 plan could cure an outstanding tax default.

In attempting to distinguish *Wisotzke*, the debtor notes that he filed his bankruptcy petition within the time that state law allows for a motion to reopen the default that led to entry of the county's judgment of foreclosure. *See* RPTL § 1131. For this reason, I previously allowed the debtor to proceed in state court with a motion to reopen his default. By denying that motion to reopen, the state court effectively preserved the default judgment. Consequently, the default judgment remains binding as of the date of its entry prior to the commencement of bankruptcy proceedings. Because the default judgment had terminated all property rights in the real estate, the debtor held no real property interest that this court could protect as of the date of bankruptcy filing.

The debtor contends that section 505 of the Bankruptcy Code grants independent authority to this court to adjudicate tax disputes. Subdivision (a)(1) of this section states:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

In the present instance, however, the debtor does not challenge the amount or legality of any underlying tax obligation. As used in the statute, penalty refers to surcharges and other supplemental financial levies, and not to the inevitable consequences of enforcement. Section 505 simply provides no independent authority to revisit the foreclosure outcome. Also, because the foreclosed real estate was no longer property of the debtor on the day that Johnson filed his bankruptcy petition, Chautauqua County did not violate the automatic stay when it completed the ministerial act of executing a deed.

A second issue remains, namely whether the debtor can avoid the tax foreclosure as a fraudulent conveyance. Generally, "the trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . received less than a reasonably equivalent value in exchange for such transfer or obligation," and was insolvent on the date of transfer. 11 U.S.C. §548(a)(1). The debtor asserts his belief that the property has a value of $15,000, but in any event contends that the county is estopped from denying that it is worth at least the assessed value of $9,497. Meanwhile, the foreclosure satisfied outstanding taxes in the approximate amount of $3,800. On that basis, the debtor argues that he received less than a reasonably equivalent value for his real property.

We need not decide whether the present facts would suffice to state a cause of action that the trustee might have asserted to avoid the foreclosure sale. Instead, the controlling issue is whether the debtor himself can assert such a claim.

As a general rule, only a trustee can exercise the right in bankruptcy to avoid a fraudulent conveyance. Section 541(a)(3) of the Bankruptcy Code defines property of the estate to include "[a]ny interest in property that the trustee recovers under section . . . 550." Subdivision (a) of this later section provides that "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of

this title, the trustee may recover, for the benefit of the estate, the property transferred . . . ." Among these sections, 11 U.S.C. § 548 authorizes "the trustee" to avoid transfers that are fraudulent. Alternatively, 11 U.S.C. § 544 empowers "the trustee" to enforce similar rights of avoidance under state law, such as the fraudulent conveyance provisions of New York's Debtor and Creditor Law.

Subject to one important exception, causes of action to avoid fraudulent transfers become property of the estate under section 541, and thereby are no longer assets that the debtor may pursue on his own behalf. The exception arises with respect to certain conveyances of exempt assets. Section 522(h) of the Bankruptcy Code states the applicable rule:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if – (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer.

Subdivision (g)(1) of section 522 allows a debtor to exempt property that the trustee recovers, "to the extent that the debtor could have exempted such property", if the avoidable transfer was not a voluntary transfer by the debtor and the debtor did not conceal the property.

In bringing his avoidance action, the debtor has satisfied three of the four requirements of sections 522(g)(1) and 522(h): the trustee has not attempted to avoid the alleged transfer; the alleged transfer was not voluntary; the debtor did not conceal his ownership of the affected property. The action must fail, however, because New York law does not allow the debtor to exempt the transferred property interest.

Donald Johnson filed his bankruptcy petition on July 6, 2010, prior to the effective date of statutory amendments that allowed debtors in New York State to claim

alternative federal exemptions. Consequently, Johnson's bankruptcy exemptions were set by the then applicable text of section 282 of the Debtor and Creditor Law. With respect to real property, this statute adopted the homestead exemption for the satisfaction of a money judgment, as set forth in CPLR § 5206(a). Essentially, section 5206(a) allowed a homestead exemption for residential property "not exceeding fifty thousand dollars in value above liens and encumbrances," subject to one controlling limitation: "But no exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments."

The debtor contends that the limiting language of CPLR § 5206(a) serves merely to prevent a debtor from claiming an exemption ahead of any real property taxes owed on the property. Some credence might attach to such a narrow interpretation if the limiting language made reference only to taxes. Instead, CPLR § 5206(a) directs further that "no exempt homestead shall be exempt . . . from sale for non-payment of taxes or assessments." Accordingly, no homestead is exempt from the consequences of a tax foreclosure sale. For purposes of avoiding a divestiture of title for non-payment of taxes, Donald Johnson can claim no exemption in the homestead. Without an exemption, the debtor has no right under 11 U.S.C. § 522(h) to avoid the transfer of his real property to the County of Chautauqua. Hence, the court must dismiss the debtor's avoidance complaint.

Conclusion

Under the applicable provisions of New York Real Property Tax Law, a sale of the debtor's residence occurred upon entry of the default judgment of tax foreclosure. Thus, at the time of his bankruptcy filing, the debtor held no ownership interest that he could protect from the consequences of his tax default. Meanwhile, at the time of the debtor's bankruptcy filing, New York law did not allow the debtor to exempt real property from a sale for non-payment of taxes or assessments. Having no surviving exempt

interest in his residence, the debtor may not now avoid as a fraudulent conveyance the tax sale of his residence.

For the reasons stated herein, the court will deny the debtor's motion for summary judgment and other relief, but will grant the County of Chautauqua's cross motion for summary judgment dismissing the debtor's complaint.

So ordered.

Dated: Buffalo, New York          /s/      CARL L. BUCKI
April 14, 2011           Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.