UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
        DONALD JOHNSON

                                10-12963 B

            Debtor                      <u>DECISION & ORDER</u>
------------------------------------------------------
DONALD JOHNSON,

            Plaintiff

      v.                                   AP 10-01067 B

COUNTY OF CHAUTAUQUA,

            Defendant
------------------------------------------------------

                Peter D. Grubea, Esq.
                482 Delaware Avenue
                Buffalo, New York 14202
                Attorney for Plaintiff

                Jason S. DiPonzio, Esq.
                16 East Main Street
                420 Reynolds Arcade Building
                Rochester, New York 14614
                Attorney for Defendant

Bucki, Chief U.S.B.J., W.D.N.Y.

        Donald Johnson has moved to reconsider the decision of this court to grant the County of Chautauqua's cross motion for judgment dismissing the debtor's complaint to avoid the tax foreclosure of his homestead. By reason of Bankruptcy Rule 9023 and FED. R. CIV. P. 59, the motion for reconsideration has been timely made. With respect to the underlying merits, however, Johnson fails to demonstrate a basis to reverse the prior ruling.

        On April 14, 2011, this court issued a written decision that adequately presents the facts, context and background of this case. *See Johnson v. County of Chautauqua (In re Johnson)*, __ B.R. __, 2011 WL 1563851 (Bankr. W.D.N.Y. 2011). In the instant motion, the debtor asks only that the court reconsider its holding that

Johnson does not retain, under 11 U.S.C. §522(g)(1), an exempt interest sufficient to enable him to avoid an allegedly fraudulent conveyance of his homestead.

Pursuant to 11 U.S.C. §522(h), when the trustee does not attempt to avoid a fraudulent conveyance, the debtor may generally seek to avoid that transfer of property, "to the extent that the debtor could have exempted such property under subsection (g)(1) [of section 522]." Subsection (g)(1) allows a debtor to exempt such recovered property "to the extent that the debtor could have exempted such property . . . if such property had not been transferred." Johnson contends that he would have been allowed to exempt his homestead in the event that the foreclosure had not occurred. Although this conclusion might have been accurate in other circumstances, it is not correct with respect to the type of transfer that is here at issue. For bankruptcy cases filed in New York prior to January 21, 2011, CPLR §5206(a) establishes the limits of an exclusive exemption for the debtor's homestead. This statute cautions that "no exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments." Consequently, Johnson's homestead will always remain property that the debtor could never exempt with respect to a sale for the non-payment of taxes. Hence, in the context of a tax foreclosure, the debtor's real property is not exempt for purposes of 11 U.S.C. §522(g)(1).

The present dispute requires a statutory interpretation that is easily distinguished from that which the Supreme Court considered in *Owen v. Owen*, 500 U.S. 313 (1991). In contrast to the present dispute regarding the existence of an exemption under section 522(g), *Owen v. Owen* involved a motion under section 522(f) to avoid a judicial lien that impaired the debtor's homestead exemption. The issue in *Owen v. Owen* was whether section 522(f) "can operate when the State has defined the exempt property in such a way as specifically to exclude property encumbered by judicial liens." 500 U.S. at 306. In relevant part, section 522(f) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien

impairs an exemption to which the debtor would have been entitled." In its interpretation of this language, the Supreme Court reasoned that section 522(f) "establishes as the baseline, against which impairment is to be measured, not an exemption to which the debtor '*is* entitled,' but one to which he '*would have been* entitled.'" 500 U.S. at 311 (emphasis in original). In contradistinction, section 522(g) allows a debtor to exempt recovered property "to the extent that the debtor *could* have exempted such property" (emphasis added). Essentially, section 522(g) uses a different baseline, namely whether the property could have been exempted. Under the applicable provisions of New York law, by reason of CPLR §5206(a), the debtor can never exempt a homestead from taxation or a sale for non-payment of taxes. Consequently, Johnson enjoys no exempt interest that could allow him to avoid the tax foreclosure judgment.

For the reasons stated herein, we conclude that the prior decision of this court is correct and that the motion for reconsideration is appropriately denied.

So ordered.

Dated:     Buffalo, New York        /s/      CARL L. BUCKI
           May 20, 2011             Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.